IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA     PLAINTIFF

V.     CASE NO. 5:18-CR-50019-001

DUSTIN JEREMY SAWYER     DEFENDANT

## OPINION AND ORDER

Currently before the Court is Defendant Dustin Jeremy Sawyer's *pro se* Renewed Motion for Release from Custody (Doc. 37) and Supplement to Renewed Motion for Release from Custody (Doc. 38). Following that, the Court directed the Government to file a response, and the Government did so. *See* Doc. 40. Now that the Motion is ripe, the Court finds that it should be **DENIED** for the reasons explained below.

### I. BACKGROUND

On January 15, 2019, Mr. Sawyer was sentenced after pleading guilty to one count of distribution of more than 50 grams of actual methamphetamine. The Court sentenced Mr. Sawyer to a 51-month term of imprisonment to run concurrently to any term of imprisonment ordered in a pending state court case, a 3-year term of supervised release, a $2,900 fine, and a $100 special assessment. (Doc. 33). This sentence represented both a downward departure and a subsequent downward variance from the original Guideline sentencing range of 70-87 months, which was calculated based on the significant quantity of methamphetamine trafficked by Mr. Sawyer along with his criminal history category of I. *See* Doc. 30, ¶ 107-08.

Mr. Sawyer is currently incarcerated at FMC Fort Worth with a projected release date of October 22, 2021. He has served 29 months of his original 51-month sentence

but now moves for early release due to the COVID-19 pandemic, the well-being of his family, and a risk of hypertension due to his history of smoking. Mr. Sawyer asserts that FMC Fort Worth had over 700 COVID-19 cases as of June 9, 2020. (Doc. 37). On May 11, 2020, Mr. Sawyer filed a Motion for Release from Custody seeking to be placed on home confinement. (Doc. 35). Although Mr. Sawyer did not specify which statute he moved under for the motion for release from custody, the Court construed the motion as a motion pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and the First Step Act of 2018 (the "FSA"). *See* Doc. 36. On June 16, 2020, the Court denied that motion without prejudice because Mr. Sawyer had not shown that he had fully exhausted his administrative rights with the Bureau of Prisons ("BOP"). *Id.* In the instant Motion, Mr. Sawyer again asks the Court to consider his release due to the COVID-19 pandemic.

## II. LEGAL STANDARD

The First Step Act of 2018 ("FSA") permits an inmate to seek a sentence reduction directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i). If one of these requirements is satisfied, the court may grant a defendant's motion for a reduction in sentence "after considering factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Thus, the court looks to the Sentencing Commission's policy statement in the United States

Sentencing Guidelines ("USSG") as a starting point in determining what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i). *See id.* Application Note 1(A)(ii)(I) of USSG § 1B1.13 indicates that the medical condition of the defendant may provide extraordinary and compelling reasons if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Application Note 1(B) notes that age may also be a basis for early release if the defendant "(i) is at least 65 years old; (ii) is experiencing serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his term of imprisonment, whichever is less." Although the Sentencing Commission has not updated nor adopted a new policy statement since the FSA was enacted, the policy statement nonetheless provides guidance as to what constitutes extraordinary and compelling reasons for the purposes of 18 U.S.C. § 3582(c)(1)(A). *See, e.g., United States v. Schmitt*, 2020 WL 96904, at *3 (N.D. Iowa Jan. 8, 2020).

### III. DISCUSSION

The Court's ability to rule on Mr. Sawyer's Motion is dependent on whether he: (1) fully exhausted his administrative right to appeal the BOP's failure to bring a motion for early release or (2) allowed 30 days to lapse since the warden received his request for early release—whichever event is sooner. *See United States v. Carter*, 2020 WL 3458598, at *2 (S.D.W. Va. June 25, 2020) ("the 'lapse of 30 days' provision has nothing to do with whether the warden grants or denies the inmate's request for compassionate release, but simply sets the amount of days an inmate has to wait before petitioning the

court"). Here, Mr. Sawyer has provided the Court with a copy of the request he sent the BOP, but that request shows he requested home confinement, not compassionate release. *See* Doc. 38, p. 2. The Government has no record of Mr. Sawyer requesting compassionate release. *See* Doc. 40-1. Thus, on the record before it, the Court cannot conclude that Mr. Sawyer has satisfied the exhaustion requirement and must deny Mr. Sawyer the relief that he seeks.[1]

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Dustin Jeremy Sawyer's *pro se* Renewed Motion for Release from Custody (Doc. 37) and his Supplement to Motion for Release from Custody (Doc. 38) are **DENIED.**

---

[1] The Court notes that even if Mr. Sawyer were to refile his motion with evidence that he met the exhaustion requirement, the record does not establish extraordinary and compelling reasons justifying his early release. In his Motion, Mr. Sawyer relies upon in the COVID-19 pandemic and his signs of hypertension as extraordinary and compelling reasons for his early release. The Court acknowledges that the Centers for Disease Control and Prevention ("CDC") have indicated that people with high blood pressure may be at increased risk for severe illness from COVID-19. Ctrs. for Disease Control and Prevention, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Aug. 14, 2020). However, Mr. Sawyer has not provided any evidence that he does indeed have high blood pressure or any other significant conditions that put him at a greater risk of severe illness from COVID-19. Therefore, the Court would not be able to conclude from the record that Mr. Sawyer's potential hypertension constitutes extraordinary and compelling reasons for early release, even if Mr. Sawyer satisfied the exhaustion requirement. Further, while Mr. Sawyer's initial motion referenced his wife and children, he has not demonstrated a family circumstance that constitutes an extraordinary and compelling circumstance. *See* U.S.S.G. § 1B1.13, cmt. n.1 (noting that death or incapacitation of the caregiver of a defendant's minor children may constitute an extraordinary and compelling circumstance).

**IT IS SO ORDERED** on this 1st day of September, 2020.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE